UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ACTIVE MORTGAGE, LLC

VERSUS

TRANS UNION, LLC, ET AL

CIVIL ACTION

NO. 09-986-JJB

**RULING AND ORDER**

This matter is before the Court on a Motion for Attorney's Fees by First Advantage Credco, LLC (Doc. 172). Plaintiff, Active Mortgage, LLC, opposed the motion (Doc. 177) and filed another brief in opposition to the Motion (Doc. 204). Credco filed a reply (Doc. 184), a supplemental memorandum (Doc. 198), and an additional brief (Doc. 207). The Court has jurisdiction pursuant Title 28 of the United States Code, Section 1332. Oral argument is unnecessary.

I.

This case arises out of the allegedly wrongful termination of a mortgage broker's contracts with two companies which provided the broker with necessary credit reports. Active is a mortgage broker that consummates mortgages, which it sells on the secondary market. As a seller of mortgages in the secondary market, Active is required to obtain credit reports from each of the three national credit providers, including Trans Union, LLC. To obtain these reports, Active entered into contracts with Credco and Credit Plus. Active's contract with Credco contains the following provision: "[i]n the event of any litigation or other action involving this Agreement, the prevailing party shall be entitled to reasonable attorney fees and court costs including at trial, on any appeal and/or in bankruptcy or similar proceeding, in addition to any other recovery to which it is entitled." Doc. 172-2, ¶ 13. Prior to contracting with Active, Credco entered a contract with Trans Union which stated that "[f]rom time to time, Trans Union

may communicate to [Credco] the identity of certain businesses that are prohibited from receiving or accessing Trans Union Data.  Upon receipt of any such communication, [Credco] shall promptly terminate such identified End Users from gaining access to Trans Union data." On November 13, 2009, Trans Union sent Credco a letter demanding that Credco terminate Active's access to Trans Union's databases.  Trans Union claimed that Active's principals had been improperly using customers' credit information.  In accordance with its contract with Trans Union, Credco informed Active that it was terminating Active's service.

Active initiated this litigation by filing its Complaint (Doc. 1), composed of claims against Credco, Trans Union, and Credit Plus, seeking, among other things, a declaratory judgment that it had not violated the terms of its contract with Credco, a temporary restraining order, and a preliminary injunction.  The Court issued a temporary restraining order (Doc. 6), but eventually denied Active's request for a preliminary injunction (Doc. 96) and dissolved the temporary restraining order (Doc. 97).  In its First Amended and Restated Complaint, Active alleged that (1) Credco breached the implied covenant of good faith and fair dealing; (2) it detrimentally relied on Credco's decision to provide Plaintiff with credit reports; and (3) Credco had engaged in unfair trade practices under the Louisiana Unfair Trade Practices Act ("LUTPA").  Doc. 102.  On November 4, 2010, this Court dismissed Plaintiff's good faith and fair dealing and detrimental reliance claims against Credco, holding the Plaintiff failed to come forth with facts supporting these claims.  Doc. 129, at 12–13.  The Court subsequently granted summary judgment in favor of Credco on Active's LUTPA claim, and dismissed Credco from the suit.  Doc. 139.  This Court entered a Judgment in favor of Credco and against Active, which Active appealed.  Docs. 171 and 178.  Credco timely filed the instant Motion for Attorney's Fees on March 2, 2012, and the Court deferred the Motion until the completion of the appeal.  Doc.

188. The Fifth Circuit affirmed dismissal of Active's claim for detrimental reliance and breach of the duty of good faith and fair dealing, summary judgment in favor of Credco on Active's LUTPA claim, and judgment in favor of Credco. Doc. 201, at 6–8. Credco's original Motion for Attorney's Fees seeks a total of $82,410.50, composed of $57,600.50 for fees charged by local counsel, Degan, Blanchard & Nash, and $24,810.00 charged by national counsel, Neil, Dymott, Frank, McFall, & Trexler, APLC. Doc. 172. In its Supplemental Memorandum, Credco seeks an additional $33,883.96, composed of $29,983.58 charged by local counsel and $3,900.38 charged by national counsel, for fees charged since March 1, 2012. Doc. 198.

II.

Since Active's appeal is no longer pending, the Court is now ready to rule on the instant Motion. Generally, the parties disagree over four issues that affect the Court's awarding of attorney's fees. The first issue is whether Active is the prevailing party in its claim for breach of the implied covenant of good faith and fair dealing on the initial termination, occurring on November 13, 2009, for purposes of California Civil Code Section 1717. The second issue is whether Credco should not be able to recover attorney's fees since it refused to settle this case, or whether its refusal to settle makes its claimed fees unreasonable. The third issue is whether Credco is entitled to attorney's fees in defending the tort claims against it. The fourth issue is what constitutes reasonable attorney's fees in this case.

A.

First, it is clear that Credco is the prevailing party on all claims against it, including Active's claim for breach of the implied covenant of good faith and fair dealing. This Court's Ruling granting Credco's Motion to Dismiss[1] held the Plaintiff failed to come forth with facts supporting its claims for detrimental reliance and breach of duty of good faith and fair dealing,

---

[1] The Court treated the Motion as a motion for summary judgment.

3

and dismissed these claims. Doc. 129, at 12–13. The Fifth Circuit affirmed. Doc. 201, at 6–8. Credco is also the prevailing party on all claims under California law, including Active's claim for breach of the implied covenant of good faith and fair dealing, since Active did not obtain any relief from Credco, this Court entered a Judgment in favor of Credco and against Active, and the Fifth Circuit affirmed.[2]  Cal. Civ. Proc. Code § 1032(a)(4) (West 1986); Docs. 129, at 12–13, 139, at 6–7, 171, and 201, at 6–8.

B.

Second, Credco's refusal to settle this case has no bearing on whether it may recover attorney's fees or whether its claimed fees are reasonable. Active presents no authority as to why refusal to settle would preclude the recovery of attorney's fees or make Credco's claimed fees unreasonable. To accept Active's position would be to penalize Credco for defending itself, which would be wholly in contravention of our legal system.

C.

The parties disagree if the attorney's fee provision in their contract will allow recovery of attorney's fees incurred by Credco in defending Active's tort claims against it. Credco argues that attorney's fees may be recovered for defending tort claims, as well as contract claims. Active argues that recovery is only allowed for defending contract claims.

At least three California law provisions address the awarding of attorney's fees based on a contractual provision. California Civil Code Section 1717, subsection (a), provides "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the

---

[2] The California Code of Civil Procedure provides "'[p]revailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. Cal. Civ. Proc. Code § 1032(a)(4) (West 1986).

4

prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."  California Code of Civil Procedure Section 1021 provides "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."  California Code of Civil Procedure Section 1033.5, subsection (a)(10)(A), provides that attorney's fees are recoverable as costs when authorized by contract.[3]

Although both parties' arguments at least partly rely on Section 1717, Section 1717 only governs the awarding of attorney's fees for contract claims.  *Exxess Electronixx v. Heger Realty Corp.*, 75 Cal. Rptr. 2d 376, 383 (Cal. Ct. App. 1998); *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1342 (Cal. Ct. App. 1992).  Applicable to this issue is the rule that attorney's fees may be awarded under a contractual provision between parties.[4]  *Santisas v. Goodin*, 17 Cal. App. 4th 599, 608 (Cal. 1998); *Rivet v. State, Dept. of Transp. and Dev.*, 96–0145, p. 10 (La. 9/5/96); 680 So.2d 1154, 1160.  This is the rule described in Section 1021.  Cal. Civ. Proc. Code § 1021 (West 1986).

---

[3] This provision derives from California Code of Civil Procedure Section 1032, subsection (b)'s provision providing for the recovery of costs in any action as a matter of right by the prevailing party.

[4] This is true if California or Louisiana law is applied.  *See Graves v. BP America, Inc.*, 368 F.3d 221, 223 (5th Cir. 2009) (stating that a choice-of-law analysis need not be undertaken when the two jurisdictions' applicable laws provide the same outcome).  Active does not specifically address this rule or Section 1021.  Although it generally asserts its interpretation of California law in its arguments, it attacks Section 1033.5 as a procedural statute that is inapplicable since it is not the law of the forum.  Active also references Louisiana law at various points in its briefs, and fails to always explain why it believes California law applies to some issues and Louisiana law to others.  It is possible that Active would make the same procedural versus substantive argument regarding Section 1021.  But, since attorney's fees may be awarded under a contractual provision between parties in California or Louisiana, the Court need not determine if this issue is procedural or substantive.

5

To determine which causes of action are covered by the provision, the Court looks to the intent of the parties as evidenced by the language of the contract.[5] La. Civ. Code. art. 2046; *Allstate Ins. Co. v. Loo*, 46 Cal. App. 4th 1794, 1798 (Cal. Ct. App. 1996). Contracts providing for attorney's fees "[i]f this Agreement gives rise to a lawsuit or other legal proceeding," "[i]n any action or proceeding arising out of this agreement," and "[i]n any legal action brought by either party to enforce the terms hereof or relating to," have been held by California courts to be broad enough to encompass actions in contract or tort. *Id.* at 1799; *Lerner v. Ward*, 13 Cal. App. 4th 155, 158–60 (Cal. Ct. App. 1993); *Xuereb*, 3 Cal. App. 4th at 1340, 1342–43. Similarly, the provision here, which includes the language, "[i]n the event of litigation or other action **involving this Agreement**" is broad enough to encompass contract and tort actions. The provision does not solely reference enforcement of the contract. Instead, the plain language of the provision references any litigation or action involving the Agreement, which clearly encompasses any cause of action related to the Agreement. La. Civ. Code. art. 2046. All of Active's causes of action in this lawsuit involve the agreement. The facts in the pleadings allege a contract between Active and Credco, two of Active's three claims specifically rely on the contract, and its only damages request is for "[a]ll damages for loss of income and value of the business as a result of the **breach of their contract** with Trans Union, Credit Plus, and Credco." Doc. 102, ¶¶ 22–23, 62–70, 74, 82, and p. 26.

D.

Since the attorney's fees provision allows for Credco to recover attorney's fees for all of Active's claims against it in this suit, the Court now turns to whether the fees claimed by Credco are reasonable. Active argues that Credco's figure of $116,294.46 is unreasonable, since Credco

---

[5] This is true if California or Louisiana law is applied. *See Graves*, 368 F.3d at 223 (stating that a choice-of-law analysis need not be undertaken when the two jurisdictions' applicable laws provide the same outcome).

6

has made no attempt to distinguish the duties of local and national counsel, the two firms have duplicated each other's work, and the national counsel has not enrolled as counsel of record at the district or appellate level, nor appeared on behalf of Credco. Active argues that it cannot fully contest the reasonableness of the attorney's fees claimed, as the bills have been redacted and filed under seal. Active further argues that the $33,883.96 figure, which Credco claims it has accrued since its original filing for attorney's fees, is not reasonable given the limited activity occurring since its original filing.

Credco argues its claimed fees are based on a reasonable rate in light of previous judicial decisions and in light of counsel's experience and standing with clients and within the legal community. Credco further argues that its counsel acted in an effort to minimize expenses, Active fails to demonstrate why any particular billing entry should not be reimbursed, and its counsel did not duplicate work amongst attorneys. Credco also provides that it does not object to the Court permitting Active Mortgage to review Credco's invoices if the Court believes it is necessary for the attorney's fees motion to proceed.

Credco's national counsel, Neil, Dymott, Frank, McFall & Trexler, APLC, did not enroll as counsel of record in this litigation, so they are not participating attorneys in this litigation and the Court finds it improper and unreasonable for them to be awarded attorney's fees. *See Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997) ("Under [the lodestar] method, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the *participating attorneys* . . . .") (emphasis added). As to attorney's fees for Credco's counsel of record, the Court agrees that Active cannot fully contest the reasonableness of the attorney's fees claimed as the bills have been redacted and filed under seal. Accordingly, Credco should provide copies of the bills for its local counsel to Active for

7

review, and Active may submit an additional opposition brief thereafter solely on the issue of reasonableness.[6]

### III.

**IT IS HEREBY ORDERED** that counsel for First Advantage Credco, LLC is to provide copies of its local counsel's attorney's fees bills for this lawsuit to Active Mortgage, LLC within five days of the issuing of this Ruling and Order. Active may then file a supplemental opposition brief within ten days of receiving the bills, solely addressing the issue of reasonableness.

Signed in Baton Rouge, Louisiana, on February 1, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**

---

[6] Since Credco cannot recover attorney's fees for its national counsel, it need only provide Active with copies of bills for its local counsel.