UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ACTIVE MORTGAGE, LLC

VERSUS

TRANS UNION, LLC, ET AL

CIVIL ACTION

NO. 09-986-JJB

**RULING AND ORDER ON MOTION FOR ATTORNEY'S FEES**

This matter is before the Court on a Motion for Attorney's Fees by First Advantage Credco, LLC (Doc. 172). Plaintiff, Active Mortgage, LLC, filed multiple briefs in opposition (Docs. 177, 204, and 216). Credco filed multiple briefs in support of its Motion (Docs. 184, 198, 207, 215, and 219). The Court has jurisdiction pursuant Title 28 of the United States Code, Section 1332. Oral argument is unnecessary.

I.   Background

The facts and procedural history of this case are as follows. A more complete description of the facts and procedural history may be found in the Court's February 1, 2013 Ruling and Order (Doc. 212). This lawsuit included claims by Active against Credco alleging that (1) Credco breached the implied covenant of good faith and fair dealing; (2) it detrimentally relied on Credco's decision to provide Plaintiff with credit reports; and (3) Credco had engaged in unfair trade practices under the Louisiana Unfair Trade Practices Act ("LUTPA"). Doc. 102. This Court dismissed Active's claims through rulings on a motion to dismiss and a motion for summary judgment, and entered a Judgment in favor of Credco and against Active, which the Fifth Circuit affirmed. Doc. 129, at 12–13; Doc. 139; Doc. 201, at 6–8. Credco timely filed the instant Motion for Attorney's Fees on March 2, 2012.

1

The Court issued a Ruling and Order on this Motion on February 1, 2013, ruling Active is the prevailing party in this litigation, including on Active's claim for breach of the implied covenant of good faith and fair dealing, Credco's refusal to settle has no bearing on whether it may recover attorney's fees or whether its claimed fees are reasonable, the contract between the parties entitled Credco to attorney's fees in defending the tort claims in this litigation, Credco's national counsel are not participating attorneys in this litigation and are not entitled to attorney's fees, and Active could not fully contest the reasonableness of the Credco's claimed fees, since Credco's bills were redacted and filed under seal.  Doc. 212, at 3–8.  The Ruling and Order ordered counsel for Credco to provide copies of its local counsel's attorney's fees bills for this lawsuit to Active within five days of the issuing of the Ruling and Order, and allowed Active to file a supplemental opposition brief within ten days of receiving the bills, solely addressing the issue of reasonableness.  *Id.* at 8.  As the litigation over attorney's fees has proceeded, the amount of attorney's fees sought by Credco has risen to $92,034.46.[1]  Doc. 215, ¶ 1.  Credco seeks attorney's fees of $275 per hour per partner and for experienced of-counsel attorneys, $220 per hour for associates, and $100 per hour for paralegals.  Doc. 172-1, at 8.

II.   Reasonableness of Attorney's Fees

The Court now addresses what constitutes reasonable attorney's fees in this case.  The parties agree the "lodestar" test is used to determine the reasonableness of attorney's fees in the Fifth Circuit.  *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  "A lodestar is calculated by multiplying the number of hours reasonably

---

[1] As Credco cannot recover attorney's fees for its national counsel, this is the amount claimed by its local counsel.  Doc. 212, at 7.

expended by an appropriate hourly rate in the community for such work." *Id.* After performing this calculation, the Court may decrease or enhance the lodestar based on the relative weights of twelve factors described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.*

> The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

*Id.* at 1043 n. 5.  A *Johnson* factor may not be used to adjust the lodestar if the formation of the lodestar award already accounted for the factor. *Id.* at 1043. "The lodestar . . . is presumptively reasonable and should be modified only in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

### A.  Hours Expended

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."[2]  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The fee applicant has the burden of presenting adequate documentation of the hours reasonably expended." *League of United Latin American Citizens No. 4552 v. Roscoe Independent School District*, 119 F.3d 1228, 1233 (5th Cir. 1997). "[T]he burden of proof of reasonableness of the number of hours is on the fee applicant, and not on the opposing party to prove their unreasonableness." *Leroy v. City of Houston (Leroy I)*, 831 F.2d 576, 586 (5th Cir. 1987). "The applicant should

---

[2] Active does not contest the reasonableness of the rates charged by Credco's counsel, so the Court need not address this issue.

exercise "billing judgment" with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. "If the applicant's documentation of the hours claimed is vague or incomplete, the district court may reduce or eliminate those hours. *Id.* Hourly records are not too vague if they contain the date, the number of hours spent (calculated to a tenth of an hour), and a short but thorough description of the services rendered by each attorney. *Id.* "Hours which, though actually expended, nevertheless are excessive, redundant, or otherwise unnecessary, or which result from the case being overstaffed, are not hours reasonably expended and are to be excluded from this calculation. *Leroy v. City of Houston (Leroy II)*, 906 F.2d 1068, 1079 (5th Cir. 1990).

### III.   Analysis

Active argues the following in contesting the reasonableness of Credco's claimed fees. The amount Credco claims for work on appeal and in seeking attorney's fees is unreasonable since it is forty-seven percent of its total time claimed, the appeal consisted of limited activity, and it is illogical for Credco to be allowed to recover $18,763.00 in pursuit of recovering its own attorney's fees. The only activity during the time period between Credco's Motion for Attorney's Fees and December 11, 2012 was Active's appeal to the Fifth Circuit, and an appellee brief, one motion, and a memorandum with the Court. Active cites *Leroy v. City of Houston (Leroy II)* in support of its proposition that the amount claimed is excessive. *See* 906 F.2d at 1081–82 (finding excessive the charging of more than 540 hours, when the end product during the relevant time period was only a sixty-eight page appellee's brief and an hour long oral argument). Credco has not met its burden of establishing reasonableness, it shows

4

no evidence of time written off as excessive or unproductive, and Credco's counsel's bills contain several instances of likely duplicative or redundant work. Regarding duplicity and redundancy, Active specifically claims Credco's counsel billed for reviewing redacted bills on August 15, 2011, while a time entry for a paralegal redacting bills appears on October 19, 2011. The next bill redacting entry shows an attorney billed at $275 per hour, when the bills were previously redacted at a significantly lower rate. Finally, fees charged for paralegals should be denied in their entirety or significantly reduced. Credco has not produced any evidence to justify the separate billing for the work of its paralegals, claiming the Fifth Circuit's decision in *League of United Latin American Citizens No. 4552 v. Roscoe Independent School District*, and the United States Court of Federal Claims, Office of the Special Masters' decision in *Caves v. Secretary of Health and Human Services*, No. 07-443V, 2012 WL 6951286 (Fed. Cl. Dec. 20, 2012), support this. 119 F.3d 1228.

Credco argues the following in response. With regard to fees claimed between the time of its Motion for Attorney's Fees and December 11, 2012, Active fails to take into account settlement conferences scheduled by the Fifth Circuit, and Credco's Motion, memorandum in support, and reply brief in support of Credco's Motion for Attorney's Fees. During this time, Credco's attorney's actions averaged only fourteen hours per month.[3] Furthermore, Active wrongly represents the actions taken by Credco's counsel. Twenty-seven of the first thirty entries Active claims relate to Credco's counsel's appeal work either deal with settlement or actions taken in the district court, and ten percent of the entries Active characterizes as related to appeal do

---

[3] This figure was presented prior to the Court's ruling denying fees for Credco's national counsel, so the figure is presumably inclusive of time spent by Credco's local and national counsel.

5

not belong in that category.  Active made the same mistake categorizing entries as attorney's fees, as four of the entries, November 15, 2012, November 29, 2012, April 17, 2012, and April 30, 2012, involve settlement issues.  An additional three entries, March 1, 2012, March 23, 2012, and March 26, 2012, relate to other issues in addition to attorney's fees.  Active's arguments about its bills being imbalanced are at best, misleading, since Credco's national counsel spent significant time working on this case in the district court, and very little working on the appeal.  Active has failed to present the Court with any authority that supports Active's "percentage method" of determining the reasonableness of fees incurred.

Credco further argues the following.  Active fails to demonstrate that any of Credco's bills are unreasonable.  Regarding Active's claims of duplicity and redundancy, the first entry referred to is a reference to Credco's local counsel's review of Credco's national counsel's bills that had already been redacted, and the two entries referenced involved two sets of attorney fee invoices.  Active unreasonably multiplied and extended this case and created a situation in which Credco had to file multiple memoranda.  Credco's counsel asserts it made every effort to avoid duplication.

Entitlement of Credco to attorney's fees has already been established.  Credco's counsel presented the Court and Active with detailed billing records containing the date, the number of hours spent (calculated to the tenth of an hour), and a short but thorough description of the services rendered in each instance.  These records are adequate documentation of hours reasonably expended, and allow the court to identify distinct claims.

6

The Court agrees with Credco that the percentage of its attorney's fees claimed for work on appeal and in pursuit of attorney's fees does not, on its own, make the amount of fees claimed unreasonable. The Court is also understanding of Credco's assertion that the percentages of time it spent are unbalanced, since it and Credco's national counsel engaged in different amounts of work in different stages of the case.[4] This aspect of the case further detracts from Active's argument.

Nor are the fees claimed excessive due to similarity to *Leroy II*. *Leroy II* found excessive the charging by attorneys of more than 540 hours, when the end product during the relevant time period was only a sixty-eight page appellee's brief and an hour long oral argument. 906 F.2d 1068, 1081–82. The bills presented to the Court by Credco identify 113.6 hours spent from March 1, 2012, the day before the filing of the Motion for Attorney's fees, until the present. This amount is a far cry from the 540 or more hours deemed excessive in *Leroy II*. Other than stating what happened in *Leroy II* and arguing the amount claimed is excessive, Active does not present authority or reasons based on authority to support its argument. Furthermore, Credco's counsel have engaged in more work during the relevant time period than the attorneys in *Leroy II*.

The Court now addresses Active's claim of duplicity and redundancy, that Credco's counsel billed for reviewing redacted bills on August 15, 2011, while a time entry for a paralegal redacting bills appears on October 19, 2011. In light of the descriptions of services rendered in these bills, the Court does not find them duplicitous. The August 15, 2011 entry references Credco's local counsel reviewing Credco's

---

[4] The fact that the Court is not awarding attorney's fees to Credco's national counsel does not affect this understanding.

7

national counsel's redacted bills, while the October 19, 2011 entry involves redacting Credco's local counsel's bills.  That being said, the Court finds it improper for Credco to recover for the August 15, 2011 entry—4/10 of an hour, equating to $110.00—for redacting Credco's national counsel's bills, as Credco cannot recover fees for its national counsel.

The Court next addresses Active's argument that fees charged for paralegals should be denied in their entirety or significantly reduced, since Credco has not produced any evidence to justify the separate billing for the work of its paralegals, based on *League of United Latin American Citizens No. 4552 v. Roscoe Independent School District* and *Caves v. Secretary of Health and Human Services*.  *League of United Latin American Citizens No. 4552* stated the party seeking attorney's fees for paralegals has the burden of showing that its billing comported with the prevailing practice in the relevant market of billing separately for paralegals.  119 F.3d at 1235.  *Caves* stated "the fee applicant bears the burden of establishing the hours expended." 2012 WL 6951286, at *5.  However, this part of *Caves* involved the specificity of time entries for paralegals, so notwithstanding the fact that the case is not mandatory authority on the Court, it does not address the issue for which Active references it. Credco satisfies its burden under *League of United Latin American Citizens No. 4552* by presenting this Court's ruling in *Netherland v. City of Zachary, La.*, 07-409, 2009 U.S. Dist. WL 3257360, at *2–3 (M.D. La. Oct. 8, 2009), which set a reasonable rate for paralegals, and composed the lodestar by separately calculating the fees for paralegals. Therefore, the Court will include Credco's paralegal fees in the lodestar calculation.

8

The entries in the bills provided by Credco, excluding the August 15, 2011 entry for 4/10 of an hour, will be used to calculate the lodestar. The bills provided by Credco include time entries for 309.1 hours for partners, 9.4 hours for associates, and 21 hours for paralegals. 309.1 hours multiplied by $275, the hourly rate for partners, equals a subtotal of $85,002.50. 9.4 hours multiplied by $220, the hourly rate for associates, equals a subtotal of $2,068.00. 21 hours multiplied by $100, the hourly rate for paralegals, equals a subtotal of $2,100.00. Added together, these subtotals equal a total of $89,170.50. This figure, minus the $110.00 which Credco may not recover, comes to a final total of $89,060.50.

Neither party argues for the Court to adjust the lodestar using any of the *Johnson* factors. As the Court does not believe this to be an exceptional case, the lodestar will not be adjusted using the *Johnson* factors.

## IV.   Conclusion

Accordingly, First Advantage Credco LLC's Motion for Attorney's Fees (Doc. 172) is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendant First Advantage Credco, LLC is awarded attorney's fees in the amount of $89,060.50.

Signed in Baton Rouge, Louisiana, on March 20, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**